UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN
MILWAUKEE DIVISION

_____

**BUILDING TRADES UNITED PENSION**
**TRUST FUND and SCOTT REDMAN**
**(in his capacity as Trustee),**

**PLUMBERS LOCAL 75 HEALTH FUND,**
**PLUMBERS LOCAL 75 EDUCATON FUND,**
**and PLUMBERS LOCAL 75 MARKET**
**EXPANSION FUND,**

                      **Plaintiffs,**

     v.                                              Case No.   19-cv-343

**AZTEC PLUMBING, LLC.,**

                      **Defendant.**
_____

## COMPLAINT
_____

**NOW COME** the plaintiffs, by their attorneys, The Previant Law Firm, S.C., by Christopher J. Ahrens and Philip E. Thompson, and as and for a cause of action against the defendants, allege and show to the Court the following:

### Jurisdiction and Venue

1. Jurisdiction of this Court upon defendant Aztec Plumbing, L.L.C. (hereinafter "Aztec Plumbing") is founded upon section 502 of the Employee Retirement Income Security Act of 1974 ("ERISA") (29 U.S.C. § 1132), and section 301(a) of the Labor Management Relations Act of 1947 (hereinafter "LMRA"), as amended (29 U.S.C. § 185(a)), in that the plaintiffs are aggrieved by the defendant's violation of certain collective bargaining agreements, trust plans and trust agreements, and defendant's

continued refusal to submit contributions in accordance with the terms of those plans and agreements, thereby violating the provisions of ERISA, the Multi-Employer Pension Plan Amendments Act ("MPPAA"), the terms and provisions of the employee benefit plans, section 301 of the LMRA and the common law of the State of Wisconsin.

2. Venue lies in this Court under ERISA § 502(c)(2) (29 U.S.C. § 1132(e)(2)) in that defendant's principle place of business is located in Milwaukee County, Wisconsin.

## Parties

3. Plaintiff Building Trades United Pension Trust Fund is an employee benefit plan within the meaning of ERISA §§ 3(2), (3) and (37), 502 and 515, as amended by the MPPAA (codified as amended at 29 U.S.C. §§ 1002(2), (3) and (37), 1132 and 1145), and brings this action on behalf of the trustees, participants and beneficiaries of said plan. Said plan maintains offices at 500 Elm Grove Road, Elm Grove, Wisconsin 53122.

4. Plaintiff Scott Redman is a Trustee and a fiduciary of the Building Trades United Pension Trust Fund, as well as a participant and beneficiary within the meaning of ERISA (29 U.S.C. § 1002, et seq.) and as such has standing to be a plaintiff in this action and to seek the remedies prayed for. Scott Redman maintains an office at 11175 Parkland Avenue, Milwaukee, Wisconsin, 53224.

5. Plaintiffs Plumbers Local 75 Health Fund, Plumbers Local 75 Market Recovery Fund, Plumbers Local 75 Education Training Fund are employee benefit plans within the meaning of ERISA §§ 3(1), (2), (3) and (37), 502 and 515, as amended by the MPPAA (codified as amended at 29 U.S.C. §§ 1002(1), (2), (3) and (37), 1132 and 1145), and bring this action on behalf of the trustees, participants and beneficiaries of said plans. Said plans maintain offices at 11175 West Parkland Avenue, Milwaukee, Wisconsin

53224.

6. Plaintiff Steven Breitlow is a Trustee and fiduciary of the Plumbers Local 75 Health Fund as well as a participant and beneficiary within the meaning of ERISA (29 U.S.C. §1002, et seq.) and as such has standing to be a plaintiff in this action and to seek the remedies prayed for. Steven Breitlow maintains offices at 11175 West Parkland Avenue, Milwaukee, Wisconsin 53224.

7. Plaintiff Plumbers Union Local 75 (herein after "Union") is a labor organization within the meaning of ERISA (29 U.S.C. § 158 et seq.) and brings this action on behalf of participants and members of the organization for whom it collects working dues. Said labor organization maintains offices at 11175 Parkland Avenue Milwaukee, Wisconsin 53224.

8. Aztec Plumbing, Inc. is a domestic corporation, engaged in business, with principal offices located at 7025 South 20th Street, Oak Creek, Wisconsin, 53154. Its registered agent for service of process is Hugo Uribe, care of MEI, Inc., 2778 South 35th Street, Suite 203, Milwaukee, Wisconsin 53215.

## Facts

9. Aztec Plumbing is an employer and party in interest in an industry affecting commerce within the meaning of ERISA §§ 3(5), (11), (12) and (14) (29 U.S.C. §§ 1002(5), (11), (12) and (14)) and the LMRA (29 U.S.C. § 151, et seq.).

10. For all times relevant, Aztec Plumbing, LLC was and remains a party to and agreed to abide by the terms of one or more collective bargaining agreements (hereinafter "Labor Agreements") between itself and Plumbers Union Local No. 75 (hereinafter the "Plumbers Union").

-3-

11. The Plumbers Union represents, for purposes of collective bargaining, certain Aztec Plumbing employees and employees of other employers in industries affecting interstate commerce within the meaning of LMRA §§ 2(5), 9(a) and 301(a) (29 U.S.C. § 151, et seq.).

12. The Labor Agreements described herein contain provisions whereby Aztec Plumbing, LLC agreed to make timely payments to the plaintiffs' trust funds for each employee covered by said Labor Agreements.

13. By execution of said Labor Agreements, Aztec Plumbing, LLC adopted the trust agreements and amendments thereof which establish and govern the plaintiffs and are necessary for their administration, and designated as its representatives on the board of trustees such trustees as have been named and appointed pursuant to said trust agreements, together with their successors selected in the manner provided in such trust agreements, and thereby ratifying all actions already taken or to be taken within the scope of their authority.

14. By virtue of executing the Labor Agreements and adopting and assenting to all the terms and provisions of the trust agreements, and the rules and regulations heretofore and hereafter adopted by the trustees of said trust funds, Aztec Plumbing, LLC has agreed as follows:

    a. to file monthly reports and make timely and prompt contributions to the plaintiffs for each employee covered by the aforementioned Labor Agreements;

    b. to designate, and accept as its representatives, the trustees named in the declaration of trust and their successors;

-4-

Case 2:19-cv-00343-WED   Filed 03/07/19   Page 4 of 8   Document 1

c.  to adopt and abide by all of the rules and regulations adopted by the trustees of the plaintiffs pursuant to the trust agreements;

d.  to adopt and abide by all of the actions of the trustees in administering the plaintiffs in accordance with the trust agreements and the rules so adopted;

e.  to pay, in addition to all of the contributions which are due and owing, liquidated damages and interest relative to delinquent contributions; and

f.  to pay, in addition to delinquent contributions, interest and liquidated damages, actual attorney fees, audit fees, court costs and service fees, should legal action be necessary to obtain delinquent contributions, interest and liquidated damages.

15. Aztec Plumbing, LLC has failed to perform its obligations pursuant to the terms and conditions of the Labor Agreements and trust agreements by, although not necessarily limited to, the following:

a.  failing to make continuing and prompt payments to the plaintiffs as required by the Labor Agreements and trust agreements for all of Aztec Plumbing's 's covered employees; and

b.  failing to accurately report employee work status to the plaintiffs.

16. ERISA § 502(g)(2), as amended by the MPPAA provides:

(2) In any action under this title by a fiduciary for or on behalf of a plan to enforce section 515 in which a judgment in favor of the plan is awarded, the court shall award the plan --

(A) the unpaid contributions,

(B) interest on the unpaid contributions,

(C) an amount equal to the greater of --
 (i) interest on the unpaid contributions, or

 (ii) liquidated damages provided for under the plan in an amount not in excess of 20 percent (or such higher percentage as may be permitted under Federal of State law) of the amount determined by the court under subparagraph (A),

(D) reasonable attorney's fees and costs of this action, to be paid by the defendant, and

(E) such other legal or equitable relief as the court deems appropriate.

For purposes of this paragraph, interest on unpaid contributions shall be determined by using the rate provided under the plan, or, if none, the rate prescribed under section 6621 of the Internal Revenue Code of 1954.

17. ERISA § 515 provides:

Every employer who is obligated to make contributions to a multiemployer plan under the terms of the plan or under the terms of a collectively bargained agreement shall, to the extent not inconsistent with law, make such contributions in accordance with the terms and conditions of such plan or agreement.

18. Despite demands that Aztec Plumbing, LLC perform its statutory and contractual obligations, the plaintiff Funds have ascertained that said defendant has wholly failed, neglected, omitted and refused to make those payments. As a result, Aztec Plumbing, LLC is indebted to the plaintiff Funds for the audit periods January 1, 2017 through March 31, 2018 and April 1, 2018 through April 1, 2018 through September 30, 2018, as well as for subsequent unaudited months during the period of October 1, 2018 through the present.

**Claim One - Against Defendant Aztec Plumbing, LLC.
Violation of ERISA §§ 502 and 515 (29 U.S.C. §§ 1132, 1145)**

-6-

Case 2:19-cv-00343-WED   Filed 03/07/19   Page 6 of 8   Document 1

19. As and for a first claim for relief against Aztec Plumbing, LLC, plaintiffs reallege each and every allegation contained in paragraphs 1 through 18 above and incorporate the same as though fully set forth herein word-for-word.

20. Due demand has been made by the Funds upon Aztec Plumbing for payment of all sums due and owing, but said defendant has refused to pay them, or any part thereof, and all amounts remain due and owing.

21. Because, as the Funds are informed and believe, Aztec Plumbing, LLC. has not made timely and prompt contributions on behalf of all covered employees, the corpus of each of the Funds' trust funds is reduced, the Funds' income is reduced, and their ability to pay benefits to qualified participants and beneficiaries is curtailed. Consequently, ERISA and the Funds' employee benefit plans have been violated, and the Funds are entitled to all of the remedies provided by ERISA.

22. Because Aztec Plumbing, LLC. has failed to make timely and prompt contributions, some of the Funds' beneficiaries and participants could have eligibility terminated and benefits reduced for which they would otherwise qualify. These beneficiaries and participants would be left without an adequate remedy at law and would suffer severe and irreparable harm if said defendant is not mandatorily compelled to comply with the Labor Agreement and enjoined from further breaches.

**WHEREFORE**, the Funds demand the following relief:

1. Judgment on behalf of the Funds and against Aztec Plumbing, LLC:

    A. For unpaid contributions, interest and liquidated damages owed to the Funds for the audit periods of January 1, 2017 through March 31, 2018 and April 1, 2018 through April 1, 2018 through September 30,

2018, as well as for subsequent unaudited months during the period of October 1, 2018 through the present.

      B.      Actual attorney fees and the costs of this action.

2.      For such other, further or different relief as the Court deems just and proper.

Dated this 7th day of March, 2019.

        /s/ Philip E. Thompson
        Philip E. Thompson (SBN: 1099139)
        Christopher J. Ahrens (SBN: 1043237)
        THE PREVIANT LAW FIRM, S.C.
        310 W. Wisconsin Avenue – Suite 100MW
        Milwaukee, WI   53203
        414-271-4500 (Telephone)
        414-271-6308 (Fax)
        Email: pet@previant.com

        Attorneys for Plaintiffs