UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

BUILDING TRADES UNITED PENSION
TRUST FUND, SCOTT REDMAN,
PLUMBERS LOCAL 75 HEALTH FUND,
PLUMBERS LOCAL 75 EDUCATON FUND and
PLUMBERS LOCAL 75 MARKET EXPANSION FUND,

        Plaintiffs,

  v.

        Case No. 19-cv-343-pp

AZTEC PLUMBING, LLC,

        Defendant.

**ORDER REQUESTING ADDITIONAL INFORMATION REGARDIDNG AMENDED MOTION FOR DEFAULT JUDGMENT (DKT. NO. 15)**

On March 7, 2019, the plaintiffs filed a complaint against Aztec Plumbing, Inc., alleging violations of the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §§1132, 1145. Dkt. No. 1. To date, the defendant has not appeared. The plaintiff requested entry of default on July 16, 2019, dkt. no. 8, and the clerk entered default on July 17, 2019. The plaintiffs filed an amended motion for default judgment, dkt. no. 15, along with affidavits in support of their request for unpaid contributions, interest, liquidated damages, reasonable attorney fees and costs, dkt. nos.13, 14, 17.

It has taken the court some time to get to this motion for default judgment due to its case load and its trial schedule. On February 12, 2020, the

court received a letter from the plaintiff's counsel, asking whether the court needed any further information to decide the motion. It does.

## I. ENTRY OF DEFAULT

Federal Rule of Civil Procedure 55 requires a two-step process before the entry of default judgment. A party first must seek an entry of default based on the opposing party's failure to plead. Fed. R. Civ. P. 55(a). This means that the court must assure itself that the defendant was aware of the suit but did not respond.

The complaint alleges, among other things, that the defendant's registered agent for service of process is Hugo Uribe, care of MEI, Inc., 2778 South 35th Street, Suite 203, Milwaukee, Wisconsin 53215. The Wisconsin Department of Financial Institutions web site indicates that the defendant has a registered agent, Hugo Alonso Uribe, c/o MEI at the 35th Street address. https://www.wdfi.org/apps/CorpSearch/Details.aspx?entityID=A060823&hash=314187398&searchFunctionID=2749c314-483f-42b5-bcb7-94d006050b76&type=Simple&q=aztec+plumbing.

On March 11, 2019, the plaintiffs filed an affidavit of service. Dkt. No. 2. The affidavit indicates that on that same date, the process server served the summons and complaint on "Nelson Soler, Owner," at 2778 S. 35th Street, Suite 203, Milwaukee, Wisconsin 53215. Id. The address the process server listed for Nelson Soler is the address provided for Hugo Uribe on the DFI web site, although the web site lists the defendant's principal place of business as 7025 South 20th Street in Oak Creek, Wisconsin.

The court does not know whether Nelson Soler is the owner of the defendant. The court realizes that if it were to enter a default judgment, the defendant still could challenge improper service, but the court is concerned that it is not clear whether the defendant knows it has been sued. The plaintiff could assist the court by supplying evidence that the defendant is aware of the suit.

**II.    AMENDED MOTION FOR DEFAULT JUDGMENT (Dkt. No. 15)**

After the entry of default, the plaintiff may move for default judgment under rule 55(b). Fed. R. Civ. P. 55(b). When the court determines that a defendant is in default, the court accepts as true the well-pleaded allegations in the complaint. e360 Insight v. The Spamhaus Project, 500 F.3d 594, 602 (7th Cir. 2007). "A default judgment establishes, as a matter of law, that defendants are liable to plaintiff on each cause of action in the complaint." Id. However, "even when a default judgment is warranted based on a party's failure to defend, the allegations in the complaint with respect to the amount of damages are not deemed true." Id. (quoting In re Catt, 38 F.3d 789, 793 (7th Cir. 2004)). A district court "must conduct an inquiry in order to ascertain the amount of damages with reasonable certainty. Id. Rule 55(b)(2) allows the district court to conduct this inquiry through hearings or referrals, if necessary, to determine the amount of damages. Fed. R. Civ. P. 55(b). Such proceedings are unnecessary, however, if the "amount claimed is liquidated or capable of ascertainment from definite figures contained in the documentary evidence or in detailed affidavits." e360 Insight, 500 F.3d at 602 (quoting Dundee Cement

3

Co. v Howard Pipe & Concrete Prods., Inc., 722 F2d 1319, 1323 (7th Cir. 1983)).

The complaint asserts that the defendant is an employer as defined by ERISA, that it was a party to collective bargaining agreements with Plumbers Union Local No. 75, and that those labor agreements required the defendant to make payments into the plaintiffs' trust funds for every employee covered by the labor agreements. Dkt. No. at 3-4. The complaint alleges that the defendant failed to file monthly reports, failed to make timely contributions to the funds and failed to pay liquidated damages, costs and fees. Id. at 4-6. Those allegations establish liability. ERISA entitles the plaintiffs to damages consisting of unpaid contributions, interest on unpaid contributions, liquidated damages, reasonable attorney fees and costs of the action. 29 U.S.C. §1132(g)(2).

The court is confused, however, about the evidence the plaintiff submitted in support of its calculation of the judgment. At Dkt. No. 12-2, the plaintiff submitted ten pages of attorneys' fees statements. Those ten pages, however, contain two separate statements of attorneys' fees—one at pages 1-5, one at pages 6-10. Both are dated July 16, 2019. Both are for "CO: Aztec Plumbing L.L.C." Both reflect billings for attorneys CJA, PET and JJB from February to June 2019. But one of them is titled "FPL075-89352," and reflects total fees of $4,298.25, and the other is titled "FBU002-89352," and reflects total fees of $4,887.00. Many of the entries are similar, or identical. The plaintiffs appear to have added the two totals to come up with their request for

attorneys' fees in the amount of $9,185.25, but the court isn't clear that the plaintiffs have not double-counted some (maybe most) of the time entries. The same is true for the costs. Dkt. No. 12-3. Before the court will grant judgment in the amount the plaintiffs request, it needs to understand the difference between the two sets of attorneys' fee and cost statements, to assure itself that the plaintiffs have not double-billed.

The plaintiffs submitted an affidavit with numerous attachments for audits covering the period from January 1, 2017 to March 31, 2019. Dkt. No. 14. They also submitted affidavits containing accountings of the unpaid contributions, interest on unpaid contributions and liquidated damages. Dkt. Nos. 13, 14, 17. Finally, they have asked that interest continue to accrue on unpaid contributions at the rate allowed by law. Dkt. No. 14. The court is comfortable with these affidavits.

## III. CONCLUSION

The court **ORDERS** that by the end of the day on **March 20, 2020**, the plaintiffs provide the court with evidence that the defendant is aware it has been sued and clarification on the attorneys' fee statements and statements of costs at Dkt. No. 12-2.

Dated in Milwaukee, Wisconsin this 24th day of February, 2020.

**BY THE COURT:**

_____
**HON. PAMELA PEPPER**
**Chief United States District Judge**