UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

BUILDING TRADES UNITED PENSION
TRUST FUND, SCOTT REDMAN,
PLUMBERS LOCAL 75 HEALTH FUND,
PLUMBERS LOCAL 75 EDUCATION FUND, and
PLUMBERS LOCAL 75 MARKET EXPANSION FUND,

          Plaintiffs,

                                   Case No. 19-cv-343-pp

   v.

AZTEC PLUMBING LLC,

          Defendant.

---

## ORDER GRANTING PLAINTIFFS' AMENDED MOTION FOR DEFAULT JUDGMENT (DKT. NO. 15) AND DISMISSING CASE

---

On March 7, 2019, the plaintiffs filed a complaint against Aztec Plumbing, Inc., alleging violations of the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §§1132, 1145. Dkt. No. 1. To date, the defendant has not appeared. The plaintiff requested entry of default on July 16, 2019, dkt. no. 8, and the clerk entered default on July 17, 2019. The plaintiffs filed an amended motion for default judgment, dkt. no. 15, along with affidavits in support of their request for unpaid contributions, interest, liquidated damages, reasonable attorney fees and costs, dkt. nos.13, 14, 17.

The court denied the plaintiffs' amended motion and ordered the plaintiffs to provide the court with (1) evidence that the defendant is aware that it has been sued and (2) clarification as to potentially double-counted

attorneys' fee statements and statements of costs. Dkt. No. 19. The plaintiffs responded on March 19, 2020. Dkt. Nos. 20–22.

## I.    ENTRY OF DEFAULT

Federal Rule of Civil Procedure 55 requires a two-step process before the entry of default judgment. A party first must seek an entry of default based on the opposing party's failure to plead. Fed. R. Civ. P. 55(a). This means that the court must assure itself that the defendant was aware of the suit and still did not respond.

The complaint alleges that the defendant's registered agent for service is Hugo Uribe, care of MEI, Inc., 2778 South 35th Street, Suite 203, Milwaukee, Wisconsin 53215. The Wisconsin Department of Financial Institutions ("WDFI") web site indicates that the defendant has a registered agent, Hugo Alonso Uribe, c/o MEI at the 35th Street address. https://www.wdfi.org/apps/ CorpSearch/Details.aspx?entityID=A060823&hash=314187398&searchFunctio nID=2749c314-483f-42b5-bcb7-94d006050b76&type=Simple&q=aztec +plumbing.

The court expressed confusion in its initial order because the plaintiffs filed an affidavit of service stating that the process server served someone other than Mr. Uribe at the 35th Street Address. Dkt. No. 19 at 3. Specifically, the affidavit indicated that the process server had served the summons and complaint on "Nelson Soler, Owner." Id. The address the process server listed for Nelson Soler was the same address provided for Hugo Uribe on the WDFI web site, although the web site lists the defendant's principal place of business

as 7025 South 20th Street in Oak Creek, Wisconsin. The filings didn't explain why the affidavit referred to Soler as the "Owner" or why serving him was proper.

In response to the court's request, the plaintiffs have submitted a brief, declaration and affidavit demonstrating that the defendant knows about this lawsuit. See Dkt. Nos. 20–22. In the declaration, plaintiffs' counsel Christopher J. Ahrens explains that Mr. Soler is the owner of Multicultural Entrepreneurial Institute, Inc. (MEI, Inc.)—the same company listed on the "Care of" line in the defendant's registered agent address. Dkt. No. 21 at ¶¶2–3. Attorney Ahrens also filed screenshots from the WDFI website for both the defendant and MEI. Dkt. Nos. 21-1, 21-2. The screenshot of the defendant's page is identical to the one the court cited above. The screenshot of MEI's page indicates that MEI's registered agent is Mr. Soler, with an office at the same 35th Street address as the defendant. Dkt. No. 21-2. The screenshot is identical to the WDFI website.

The plaintiffs also explain that Soler is the defendant's accountant. Dkt. No. 22 at ¶4. They also provide facts demonstrating that defendant is well aware of the case. The plaintiffs explain that they served Soler at the defendant's and MEI's 35th Street address on March 11, 2019. See Dkt. No. 2. Steve Britlow, an employee of the Plumbers Local Union No. 75 ("Union"), attests that about a month later, Mr. Uribe contacted Britlow to discuss possible settlement. Dkt. No. 22 at ¶ 3. Britlow attests that a month later (May 23, 2019), he held a meeting at his office with Uribe, Soler, Attorney Ahrens and a representative from another company to discuss settlement. Id. at ¶ 4.

The next day, Attorney Ahrens filed a letter informing the court about the meeting.[1] Dkt. No. 6. The letter also stated that the plaintiffs would delay moving for default judgment "to allow the parties enough time to reach a viable settlement agreement." Id. The letter indicated that "if a resolution is not met by no later than June 24, 2019, the Plaintiffs must proceed with moving for default judgment." Id.

Attorney Ahrens filed another letter on July 11, 2019, stating that the plaintiffs were "awaiting documentation in support of filing for default." Dkt. No. 7. The plaintiffs eventually sought default on July 16, 2019.

Based on the forgoing, the court is satisfied that the defendant has been served and is aware of this suit.

## II.     AMENDED MOTION FOR DEFAULT JUDGMENT

After the entry of default, the plaintiff may move for default judgment under rule 55(b). Fed. R. Civ. P. 55(b). When the court determines that a defendant is in default, the court accepts as true the well-pleaded allegations in the complaint. e360 Insight v. The Spamhaus Project, 500 F.3d 594, 602 (7th Cir. 2007). "A default judgment establishes, as a matter of law, that defendants are liable to plaintiff on each cause of action in the complaint." Id. However, "even when a default judgment is warranted based on a party's failure to defend, the allegations in the complaint with respect to the amount of damages are not deemed true." Id. (quoting In re Catt, 38 F.3d 789, 793 (7th Cir. 2004)).

---

[1] Due to the fact that the court's CM/ECF system does not process correspondence the same way that it processes pleadings, the court missed this letter when it originally reviewed the case.

A district court "must conduct an inquiry in order to ascertain the amount of damages with reasonable certainty. Id. Rule 55(b)(2) allows the district court to conduct this inquiry through hearings or referrals, if necessary, to determine the amount of damages. Fed. R. Civ. P. 55(b). Such proceedings are unnecessary, however, if the "amount claimed is liquidated or capable of ascertainment from definite figures contained in the documentary evidence or in detailed affidavits." e360 Insight, 500 F.3d at 602 (quoting Dundee Cement Co. v Howard Pipe & Concrete Prods., Inc., 722 F2d 1319, 1323 (7th Cir. 1983)).

The court explained in its previous order that it was satisfied with affidavits regarding the damages, and that the only issue remaining was the calculation of attorneys' fees and costs. Dkt. No. 19 at 4–5. The court explained that it was

> confused . . . about the evidence the plaintiff submitted in support of its calculation of the judgment. At Dkt. No. 12-2, the plaintiff submitted ten pages of attorneys' fees statements. Those ten pages, however, contain two separate statements of attorneys' fees—one at pages 1–5, one at pages 6–10. Both are dated July 16, 2019. Both are for "CO: Aztec Plumbing L.L.C." Both reflect billings for attorneys CJA, PET and JJB from February to June 2019. But one of them is titled "FPL075-89352," and reflects total fees of $4,298.25, and the other is titled "FBU002-89352," and reflects total fees of $4,887.00. Many of the entries are similar, or identical. The plaintiffs appear to have added the two totals to come up with their request for attorneys' fees in the amount of $9,185.25, but the court isn't clear that the plaintiffs have not double-counted some (maybe most) of the time entries. The same is true for the costs. Dkt. No. 12-3.

Dkt. No. 19 at 4–5.

In response, the plaintiffs filed a brief explaining that "[t]he attorney fees . . . are broken down by the Statement of Attorney Fees ("Statement") split by

client Fund." Dkt. No. 20 at 3. Statement FPL075 lists the fees for the various Plumbers Local 75 Funds ("the Funds"). <u>See</u> <u>id.</u> at 3–4. Statement FBU002 lists the fees for plaintiff Building Trades Union Pension Trust Fund ("Building Trades"). <u>Id.</u> at 4. The plaintiffs also explained that their attorneys charged different rates for the two clients. <u>Id.</u>

The court appreciates the clarification, and will grant the motion for default judgment.

## III.    CONCLUSION

The court **FINDS** that

1.      Defendant Aztec Plumbing, LLC has been served, and is aware of this lawsuit.

2.      Defendant Aztec Plumbing, LLC has failed to plead or otherwise defend as provided by Fed. R. Civ. P. 55(a).

3.      The plaintiff has successfully pled that defendant Aztec Plumbing, LLC violated the Labor-Management Relations Act of 1947, as amended, as well as the Employee Retirement Income Security Act of 1974, as amended, and the effective collective bargaining agreement by failing to pay fringe benefit contributions on behalf of its employees to the plaintiff funds.

4.      The court finds that due to this failure, the plaintiffs are entitled to damages consisting of contributions, liquidated damages, interest and costs.

5.      Based on the affidavits the plaintiff has provided in support of the motion for default judgment, the court assess to the total damages to the plaintiffs in the sum of $180,310.01.

The court **ORDERS** that the plaintiffs' amended motion for default judgment is **GRANTED**. Dkt. No. 15.

The court **ORDERS** that this case is **DISMISSED** and will enter default judgment in favor of the plaintiffs, Building Trades United Pension Trust Fund, Scott Redman, Plumbers Local 75 Health Fund, Plumbers Local 75 Education Fund and Plumbers Local 75 Market expansion Fund and against defendant Aztec Plumbing, LLC in the amount of $180,310.01, together with interest at the rate allowed by law.

Dated in Milwaukee, Wisconsin this 27th day of March, 2020.

BY THE COURT:

HON. PAMELA PEPPER
Chief United States District Judge